# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

KEITH ALLEN, )
    Plaintiff, )
)
v. )
) CV419-272
KILOLO KAJAKAZI,[1] )
Acting Commissioner of )
Social Security, )
)
    Defendant. )

## ORDER

Plaintiff Keith Allen seeks judicial review of the Social Security Administration (SSA)'s determination that his disability ended on June 30, 2016. *See* doc. 17 at 3. In his original brief challenging the Commissioner's decision, Allen argued that the ALJ's finding that he had a medical improvement ending his disability was not supported by substantial evidence, *id.* at 12-17, and that the ALJ erred in failing to articulate good cause for the weight she afforded to two medical opinions, *id.* at 18-22. The Commissioner responded in opposition to Plaintiff's

---

[1] Kilolo Kajakazi is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

arguments. *See* doc. 18. After an extension, *see* doc. 20, Plaintiff filed his reply, *see* doc. 21.

Plaintiff's reply brief asserts for the first time, in a single two-sentence paragraph, that "the Commissioner's final decision is constitutionally defective." *See* doc. 21 at 1. His reply brief points out that, after his original brief was filed, the United States Supreme Court issued its opinion in *Collins v. Yellen*, ___ U.S. ___, 141 S. Ct. 1761 (2021), and the United States Department of Justice, Office of Legal Counsel issued a memorandum opinion concluding that "the statutory restriction on removing the Commissioner [of Social Security] is unconstitutional." Doc. 21-1 at 10, *available at* 2021 WL 2981542 (O.L.C. July 8, 2021); *see* doc. 21 at 1. The Office of Legal Counsel also noted that its "conclusion does not affect the validity of the remainder of the statute," including provisions governing federal disability benefits. Doc. 21-1 at 15; *see id.* at 15-17. Plaintiff's reply does not include any development of his argument concerning *how* the intervening authority renders the Commissioner's decision in his case "constitutionally defective." *See* doc. 21 at 1.

This Court has explained that "[i]ssues raised in a reply brief are not properly before the court where they could and should have been presented previously." *Evans v. Berryhill*, 2017 WL 989274, at *6 (S.D. Ga. Feb. 21, 2017); *see also, e.g., Pharms v. Nat'l Credit Sys.*, 2022 WL 2346623, at *8 n. 1 (S.D. Ga. Jun. 29, 2022) (Hall, C.J.) ("As a general rule, the Court does not consider arguments raised for the first time in a reply brief."); *Hill & Mac Gunworks, LLC v. True Position, Inc.*, 2021 WL 2561853, at *2 (N.D. Ga. Apr. 16, 2021) ("It is axiomatic that a court should not consider argument raised for the first time in a reply brief," and collecting cases (internal quotation marks and citation omitted)). Given the timing of the relevant events in this case, the Court is not wholly persuaded by Plaintiff's cursory assertion that the chronology excuses his failure to raise the alleged constitutional defect earlier. *See* doc. 21 at 1 (noting that the Supreme Court's decision in *Collins* and the Office of Legal Counsel's opinion postdated Plaintiff's opening brief). *Compare*, doc. 17 (Plaintiff's original brief, filed June 14, 2021), *with Collins*, 141 S. Ct. 1761 (decided June 23, 2021). Even assuming that the argument asserted in Plaintiff's reply were procedurally proper, it is not clear that it has any merit. *See, e.g., Linnear v. Kijakazi*, 2022 WL

1493563, at *7-*9 (S.D. Ga. May 11, 2022) (rejecting constitutional challenge to Social Security disposition, under *Collins*, where plaintiff's "allegations are simply too conclusory," and failed to show any connection between the allegedly unconstitutional removal provision the Commissioner's challenged disposition).

The Court's concern that Plaintiff's late-presented constitutional argument is not properly considered is complicated by the fact that the Commissioner has not filed any response to that argument. *See generally* docket. The Court is not inclined to raise the procedural defect on the Commissioner's behalf and even less inclined to step into the Commissioner's shoes to assert a response to the merits of Plaintiff's argument. Moreover, the Commissioner's failure to controvert Plaintiff's argument, assuming that it was properly asserted in the first place, might constitute waiver of any opposition. *Cf.* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

The Court will, therefore, require the parties to file supplemental briefing on the procedural and substantive validity of Plaintiff's constitutional argument. No later than September 16, 2022, the

Commissioner is **DIRECTED** to file a brief that answers the following questions:

(1) Whether the Court should consider Plaintiff's constitutional challenge, raised for the first time in his reply brief;

(2) Whether the alleged constitutional defect, identified in the Office of Legal Counsel's memorandum supports remand, as requested in Plaintiff's reply, *see* doc. 21 at 5; and

(3) Whether the Commissioner has waived any opposition to Plaintiff's constitutional argument by failing to respond to it?

Plaintiff is **DIRECTED** to file his response to the Commissioner's brief no later than October 7, 2022. Any further responsive briefing may be filed pursuant to this Court's Local Rules. *See* S.D. Ga. L. Civ. R. 7.6. The Clerk is **DIRECTED** to **STAY** this case until October 7, 2022.

**SO ORDERED,** this 24th day of August, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA