UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KEITH ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-272 |
| | ) | |
| KILOLO KAJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Keith Allen seeks judicial review of the Social Security Administration (SSA)'s determination that his disability ended on June 30, 2016. *See* doc. 17 at 3. In his original brief challenging the Commissioner's decision, Allen argued that the Administrative Law Judge's (ALJ) finding that he had a medical improvement ending his disability was not supported by substantial evidence, *id*. at 12-17, and that the ALJ erred in failing to articulate good cause for the weight she afforded to two medical opinions, *id*. at 18-22. The Commissioner responded in opposition to Plaintiff's arguments. *See* doc. 18. In his reply brief Plaintiff asserted, for the first time, that "the Commissioner's final decision is constitutionally defective." *See* doc. 21 at 1. The

Commissioner did not initially file a response to that argument. *See generally* docket. Therefore, the Court directed the parties to file supplemental briefing on "the procedural and substantive validity of Plaintiff's constitutional argument." Doc. 22 at 5. They have now complied. *See* docs. 23 & 24. The matter is ripe for disposition.

## I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). *see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by

2

administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

An ALJ may terminate a claimant's benefits if there is substantial evidence that there has been medical improvement in the claimant's impairments related to his ability to work, and the claimant is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1); 20 C.F.R. § 404.1594(a). As the Eleventh Circuit has explained:

> [t]he ALJ conducts a multi-step evaluation to determine whether a claimant's benefits should be terminated, including (1) whether the claimant is engaging in substantial gainful activity; (2) if not, whether the claimant has an impairment or combination of impairments that meet or equal a listed impairment; (3) if not, whether there has been medical improvement; (4) if so, whether the improvement is related to the claimant's ability to work; (5) if there is no medical improvement or if medical improvement is not related to the claimant's ability to work, whether an exception to medical improvement applies; (6) if there is medical improvement related to the claimant's ability to work or if an exception applies, whether the claimant has a severe impairment; (7) if so, whether the claimant can perform his past relevant work; and (8) if not, whether the claimant can perform other work. 20 C.F.R. § 404.1594(f).

*Klaes v. Comm'r, Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. Nov. 2012); *see also Gombash v. Comm'r, Soc. Sec. Admin.*, 566 F. App'x 857,

858-59 (11th Cir. 2014) (discussing the "multi-step evaluation process" for determining whether "there has been medical improvement in the claimant's impairment or combination of impairments related to the claimant's ability to work").

## II. BACKGROUND

On March 7, 2012, the SSA determined Plaintiff was disabled beginning on August 29, 2011. Tr. 65-75. On April 4, 2016, the SSA determined he was no longer disabled. Tr. 79-82. He requested review of that determination through the administrative process and after a hearing, tr. 33-64, the ALJ issued an unfavorable decision, tr. 15-24.

At the time Allen was initially determined disabled he had two medically determinable impairments, affective mood disorder (post TBI residual) and fracture of lower limb, from a motorcycle accident. Tr. 16-17; *see also id.* at 70. The ALJ found that Allen continued to have these same impairments, noting that "the claimant's impairments of attention deficit disorder, organic mental disorder, adjustment disorder with anxiety, and status post lower extremity fracture cause more than minimal limitation in the claimant's ability to perform basic work activities." Tr. 19. However, she also found that as of June 30, 2016,

4

there had been a decrease in medical severity of the impairments such that they no longer met or medically equaled a Listing. Tr. 17, 19. She then found that Allen retained the RFC for light work except:

> he can occasionally climb stairs or ladders, balance, kneel, crouch, stoop, and crawl. He should avoid concentrated exposure to excessive noise, unprotected heights, and hazardous machinery. He is limited to work involving simple, routine, repetitive tasks, occasional decision-making and occasional workplace changes. He can work around coworkers with occasional interaction.

Tr. 19. Allen, she determined, could not perform his past relevant work as a sales representative, real estate agent, or avionics technician, tr. 22, but could perform jobs that exist in significant numbers in the national economy, tr. 23. Therefore, the ALJ determined his disability ended on June 30, 2016, and that he had not become disabled again since that date. Tr. 23.

Allen appealed the ALJ's decision to the Appeals Council which denied his request for review. Tr. 1-6. After exhausting his administrative remedies, he filed the instant lawsuit seeking judicial review of the Commissioner's final decision. *See generally* doc. 1. He first argued that the ALJ's determination was not supported by substantial evidence, doc. 17 at 12-17, and that the ALJ erred in failing

to articulate good cause for the weight she afforded two opinions from a treating psychologist, *id.* at 18-22. The Commissioner responded that substantial evidence supports the ALJ's decision, including her evaluation of the medical opinion evidence. *See generally* doc. 18. Later, Plaintiff raised a constitutional challenge to the Commissioner's decision. *See generally* doc. 21. At the Court's direction, doc. 22, the parties filed supplemental briefing on the constitutional argument, *see* docs. 23 & 24. Mindful of the "fundamental and longstanding principle of judicial restraint," which "requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them," *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445-46 (1988), the Court first analyzes whether remand is appropriate based on Plaintiff's initial arguments. If so, "a constitutional decision [will be] unnecessary and therefore inappropriate." *Id.* at 446. Only if Plaintiff's first two arguments fail, therefore, will the Court turn to the merits, both procedural and substantive, of his constitutional arguments.

## III. ANALYSIS

### A. Substantial Evidence of Medical Improvement

Plaintiff argues the ALJ's determination that he had a medical improvement such that his disability ended in June 2016 is not supported by substantial evidence. Doc. 17 at 12. Notably, Plaintiff does not challenge the ALJ's determination that his leg injury "has healed to the point he can perform relatively robust activities of daily living." *See* tr. 19; *see also* doc. 17. Instead, he suggests the ALJ did not appropriately consider his "significant mental and cognitive limitations caused by his brain injuries and accompanying depression and anxiety." Doc. 17 at 13. In particular, he points to his testimony during the administrative hearing about his neurofatigue, *id.* at 14 (citing tr. 49-59), and function reports completed by he and his wife showing "his ongoing difficulty with neurofatigue, diminished focus and memory, and increased agitation . . . ," *id.* (citing tr. 309-24, 342-50, 376-81, 389-92).

When a claimant provides testimony concerning his subjective symptoms, the ALJ must determine whether there exists "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain[, or other subjective

symptoms]; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain[, or other subjective symptoms]." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (the "three part 'pain standard' . . . applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms."). If the record shows the claimant has a "medically determinable impairment that could reasonably be expected to produce [his] symptoms," the ALJ must assess the "intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work" in light of the objective medical evidence and statements by the claimant and his doctors. *See Costigan v. Comm'r of Soc. Sec.*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)). The ALJ must articulate explicit and adequate reasons for discrediting subjective testimony. *Wilson*, 284 F.3d at 1225.

The ALJ determined that Allen's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the objective medical evidence and other evidence in the record. Tr. 20. In making this determination, the ALJ

8

highlighted the medical records showing some mental deficits, but none rising to the level of "marked." *See id.* (citing tr. 915, 962-64, 971-72, 1153-54, 1064-67, 1074). She also discussed his daily activities, including working part time with his wife, performing household chores, mowing the lawn, driving for Uber, and riding his motorcycle, which she found consistent with the treatment records showing no deficits rising to the level of "marked."[1] *Id.* This credibility determination, which discounted Allen's subjective reports of "neurofatigue," is based on substantial evidence and does not require remand.

### B. Dr. McAleer's Opinions

Plaintiff also argues the ALJ improperly weighed opinion evidence from his treating psychologist. Doc. 17 at 18-22. The ALJ assigned Dr. McAleer's February 2016 opinion "significant evidentiary weight," tr. 20-21 (citing tr. 961-64), but assigned his August 2016 opinion only "partial evidentiary weight," tr. 22 (citing tr. 1063-67). Plaintiff claims that in

---

[1] Plaintiff argues the ALJ improperly characterized his activities as "robust" and her reliance on these activities in making her determination was not supported by substantial evidence. Doc. 17 at 15-17. The regulations permit the ALJ to consider a claimant's daily activities when evaluating the intensity and persistence of symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(i). The ALJ does not err in considering daily activities as evidence of the claimant's ability to work in light of the other evidence in the record. *Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1011 (11th Cir. 2016).

9

doing so, the ALJ "failed to acknowledge or accurately discuss" the February 2016 opinion and "failed to provide good cause" for discounting the August 2016 opinion. Doc. 17 at 19-20.

For claims filed prior to March 27, 2017, as is the case here, when considering how much weight to give a medical opinion the ALJ must consider a number of factors: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization. *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). Under these regulations, the opinions of examining physicians are given more weight than non-examining physicians, and the opinions of treating physicians are given more weight than non-treating physicians. *See* 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). Thus, the Commissioner's regulations applicable to this case require the ALJ to give a treating physician's opinion substantial weight. *Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986). Failure to give a treating physician's

opinion substantial weight requires the ALJ to show good cause. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987); *see also Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) ("[T]he ALJ is required to state with particularity the weight he gave different medical opinions and the reasons therefor."). Courts will not "second guess" the ALJ's determination of the treating physician's opinion, so long as the ALJ articulates specific justification for it. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

In discussing Dr. McAleer's February 2016 opinion, the ALJ confusingly stated that the "mental status examination was normal," but reflected "some anxiety" and diminished memory, insight and judgment and attention span. Tr. 20 (citing tr. 961-64.) The actual report shows that Allen's mental status exam revealed "abnormal" findings in affect and mood, thought processes and flow of mental activity, recent and remote memory, and insight/judgment/impulse control. Tr. 962-63. In particular, the treating psychologist noted Allen's "tangential with circular reasoning, impaired attention and disorganized recall of event sequences," tr. 962, and that his "impaired focus leads to impaired new

11

learning," tr. 963. He observed that Allen was "dependent on his wife to coach decisions of importance," and had an "abnormal" ability to understand, remember and carry out simple instructions due to his "impaired concentration combined with impulsivity." Tr. 963. He opined Allen was "highly likely" to "decompensate or become unable to function under stress." Tr. 964. Although the ALJ assigned this opinion "significant evidentiary weight," tr. 20-21, the ambiguous, at best, and incorrect, at worst, summarization of the findings leaves it unclear what opinion she relied upon in formulating the RFC. Her characterization of the mental status exam as "normal" implies that she substituted her own judgment about the meaning of the psychologist's report, which, as pointed out by the Plaintiff, is improper. *See* doc. 17 at 21, n. 135 (citing *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) (Johnson, J. concurring) (an ALJ "may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.")); *see also, e.g., Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986); *Brightmon v. Soc. Sec. Admin., Comm'r*, 743 F. App'x 347, 353 (11th Cir. 2018).

Adding to that confusion, the ALJ then relied in part on the February 2016 opinion in assigning only partial weight to the August 2016 opinion. Tr. 22. In August 2016, Dr. McAleer concluded that Allen suffered from "moderate to severe inattentiveness, primarily stemming from internal distractibility and accelerated thinking." Tr. 1067. In affording Dr. McAleer's August 2016 opinion partial weight, the ALJ stated only "[t]he observations made by the claimant's other providers weigh against the severe inattentiveness assessment and favor the moderate portion of the scale." Tr. 22. However, McAleer's August assessment appears to be consistent with his earlier observation that Allen has "impaired concentration" and "impaired focus," tr. 963, observations which the ALJ apparently afforded substantial weight, tr. 20-21. It also appears to be consistent with treating neurologist Dr. Carter's June 2016 treatment notes acknowledging that Allen's concentration is impaired, tr. 1143, and that he suffers from "serious cognitive defects," tr. 1144, which the ALJ also apparently afforded "significant evidentiary weight," tr. 22. In all, the ALJ's reasoning falls short of the good cause required to discount a treating physician's opinion

under the governing regulations and remand on this ground is warranted. *See Crawford,* 363 F.3d at 1159.

### C. **Constitutional Arguments**

Because the Court should remand this case for the ALJ's failure to provide good cause for discounting the treating psychologist's opinions, "a constitutional decision [is] unnecessary and therefore inappropriate." *Lyng*, 485 U.S. at 445-46. Therefore, in an exercise of judicial restraint, the Court should decline to address the constitutional challenges raised by the Plaintiff.

## IV. CONCLUSION

For the reasons explained above, this matter should be **REMANDED** to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 1st day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA