# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| KEITH ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CV419-272 |
| KILOLO KIJAKAZI, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Keith Allen seeks attorney's fees under the Equal Access to Justice Act (EAJA). Doc. 28. The Defendant opposes the motion. Doc. 31. Plaintiff has replied in support. Doc. 32. For the reasons set forth below, it is **RECOMMENDED**[1] that plaintiff's motion be **GRANTED, in part**. Doc. 28, in part. Because the amount of fees requested by Plaintiff should be reduced, the motion should be **DENIED, in part**. Doc. 28, in part.

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

In this social security appeal, the District Judge reversed the final decision of the Acting Commissioner and remanded this case to the agency for further consideration, and judgment was entered in plaintiff's favor. Docs. 26 (Remand Order), & 27 (Judgment). Plaintiff then filed the instant motion requesting attorney's fees and expenses under the EAJA. Doc. 28.

## ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested

hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, *see* doc. 26, and his request is timely, *see* doc. 27 (Judgment entered March 27, 2023), doc. 28 (Motion filed June 22, 2023). He alleges that the Commissioner's position was not substantially justified, and the Commissioner has not refuted that assertion. *See* doc. 28-1 at 3; *see also generally* doc. 31; *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified."). The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court must, therefore, determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *Jean*, 863 F.2d at 773. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Id.* In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. of*

3

*City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).  Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

    Plaintiff's initial submission seeks "attorney's fees of $15,343.48 for 71.70 attorney hours, filing costs of $402.00, and expense for service of process by certified mail of $21.48.  Doc. 28 at 1.  The attorney's fees were originally calculated using an hourly rate that varies by month.  *See* doc. 28-3 at 4.  The Commissioner challenges the amount of attorney's fees requested, arguing the hours are unreasonable and should be reduced and the hourly rate should be calculated using the yearly average Consumer Price Index rates instead of monthly rates.  *See generally* doc. 31.  Plaintiff replies that the number of hours expended in this case are reasonable but concedes the hourly rates should be calculated based on yearly rates.  *See generally* doc. 32.  He "agrees with the Commissioner that the following annual rates should be used to calculate his fee: $205.25 per hour for work done in 2019; $207.78 per hour for work done in 2020; $217.54 per hour for work done in 2021; $234.95 per hour for

work done in 2022; and $242.78 per hour for work done in 2023." Doc. 32 at 10. Therefore, he modifies his request to seek $13,860.59 in fees. *Id.* at 11. By contrast, the Commissioner asks the Court to "award an attorney fee of no more than $8,361.66." Doc. 31 at 11.

The modified hourly rates Plaintiff requests do not exceed the rate specified in the EAJA, adjusted for inflation. *See* doc. 32 at 10; *see also* doc. 28-4 (Consumer Price Index). A cost-of-living increase is specifically mentioned in the EAJA as a factor justifying a higher hourly rate. See 28 U.S.C. § 2412(d)(2)(A). Plaintiff's counsel's modified requested hourly rate is based on the Commissioner's calculation of the maximum appropriate hourly rate per year. Doc. 31 at 10. The Court should approve counsel's modified proposed hourly rates as reasonable. *See, e.g., Thomas v. Kijakazi*, CV419-271, doc. 24 at 3 (S.D. Ga. April 5, 2022) (finding rates of $206.60 and $219.63 per hour reasonable).

Next comes the more hotly contested portion of Plaintiff's request—the number of hours expended on the case. Plaintiff requests fees for 71.70 hours of attorney work. *See* doc. 28-1 at 5; *see also* doc. 28-3 at 1-3. Defendant argues this number is excessive, since a more "typical" number of hours expended in these types of cases ranges from 20-40

hours. Doc. 31 at 2-4. Plaintiff's attorneys spent 56.5 hours on the initial brief alone,[2] comprised of 17.5 hours reviewing the case file, 25 hours researching and drafting the brief, 9 hours reviewing the transcript and updating the brief, and 5 hours updating, reviewing, and finalizing the brief. Doc. 28-3 at 1-2. Additionally, Plaintiff's attorneys expended 1.6 hours reviewing the merits of the case, 1 hour drafting the Complaint, 5.65 hours drafting the reply brief, 6.6 hours on the supplemental brief, and .35 hours reviewing Court-issued documents. *See* doc. 28-3. The Commissioner argues the time spent on the briefs is unreasonable and excessive and asks the Court to reduce the amount requested "by at least 31.7 hours, for a total award of 40 hours." Doc. 31 at 4-6. Compounding the Plaintiff's attorneys' problem, in the Commissioner's eyes, are their vague billing records, since his counsels' repetitive, imprecise billing records make it difficult to assess the reasonableness of the claimed hours. *See id.* at 7-9; *see also generally* doc. 28-3.

Plaintiff responds to the Commissioner's argument that his counsel's hours are excessive, pointing out that the argument "is not

---

[2] The Commissioner states that Plaintiff's counsel spent 54.5 hours to complete the initial brief, but the Court's own review of the billing statement shows a total of 56.5 hours spent after the Complaint was filed and before the initial brief was filed. *Compare* doc. 31 at 4 *with* doc. 28-3 at 1-2.

supported by any affidavits from experienced Social Security disability attorneys, any comparisons to facts and issues of other cases, or even any description of the facts of this case." Doc. 32 at 3; *see also id.* at 6 ("[T]he Commissioner offers the Court no affidavits from experience[d] Social Security disability attorney[s] or any other evidence supporting this broad accusation."). Counsel argues it was reasonable to expend the claimed time to review the administrative record, draft an opening brief, draft a reply, and respond to the Commissioner's supplemental brief. *Id.* at 3-4. He also cites to cases where courts found comparable hours to be reasonable. *Id.* at 8-9. However, neither Plaintiff nor his counsel respond in any meaningful way to the Commissioner's criticisms of the billing records. The reply states simply: "Review of the time sheet submitted in support of Allen's motion . . . reveals the entries state clearly and unambiguously what the attorney did on a particular day." *Id.* at 10. The Court disagrees.

A review of Plaintiff's counsel's submitted time sheet confirms the problems identified by the Commissioner. *See generally* doc. 28-3. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d

at 1303.  Defendant compellingly argues that Plaintiff fails to meet this burden.  For example, counsel billed 17.5 hours for "review case file" or "reviewing exhibits/case for issues" or similar descriptors, and then 25 additional hours for "drafting issues" or "drafting arguments" plus vague "case law research," and 9 additional hours for vague and often repetitive tasks like "review cites," "review file," and "change cites."  Doc. 28-3 at 1-2.  Counsel's hours have been reduced by other Courts in this Circuit for the same problematic billing practices.  *See S.M. v. Comm'r of Soc. Sec.*, 7:20-cv-139, doc. 39 at 1 (M.D. Ga. Apr. 10, 2023) (reducing Plaintiff's counsel's fee award, in part, "because Plaintiff's billing entries were too vague to allow this Court to assess the reasonableness of hours worked").  The Court should follow the same approach here.  Consistent with the Commissioner's suggestion to apply a reduction to Plaintiff's "seemingly repetitive review of the transcript exhibits" in 2020, *see* doc. 31 at 6, the Court should reduce by half the hours expended by Plaintiff's counsel from July 21, 2020 through August 20, 2020 to account for the vague and repetitive billing entries.  *See* doc. 28-3 at 1.  That results in a reduction of 21.25 hours for time billed in 2020.

Applying the above-discussed hourly rates to the total amount of reasonable hours expended, a reasonable amount of attorney's fees would include 2.6 hours at a rate of $205.25 per hour, 21.25 hours at a rate of $207.78 per hour, 19.65 hours at a rate of $217.54 per hour, 6.6 hours at a rate of $234.95 per hour, and .35 hours at a rate of $242.78 per hour. The Court should, therefore, award Plaintiff[3] $10,859.28 in reasonable attorney's fees.

Plaintiff also seeks reimbursement of filing costs of $402.00 and certified mail expenses of $21.48.  Doc. 28 at 1.  Reimbursement of the filing fee is reasonable.  *See* 28 U.S.C. § 2412(a).  Additionally, postage expenses are of the type reimbursable under the EAJA.  *Jean*, 863 F.2d at 777-78 (citing 28 U.S.C. § 2412(d)(1)(A)); *see also Bailey v. Comm'r of*

---

[3] Plaintiff's motion indicates that Plaintiff has assigned payment of EAJA fees to his counsel.  Doc. 28 at 1-2; *see also* doc. 28-2 (Fee Agreement).  In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).  The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

*Soc. Sec.*, 2023 WL 2817716, at *2 (M.D. Ga. April 6, 2023) ("[W]hen determining whether to allow reimbursement of certified mail fees, courts under the Eleventh Circuit have assessed the reasonableness of the cost."). The requested amount is reasonable and should be awarded to Plaintiff as a reimbursable expense.

## CONCLUSION

The Court should **GRANT**, in part, Plaintiff's Motion for Attorney Fees. Doc. 28, in part. Plaintiff should be awarded $10,859.28 in attorney's fees, $21.48 in expenses, and $402 in reimbursable costs. To the extent the motion requests a higher award of attorney's fees, it should be **DENIED**, in part. Doc. 28, in part.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 7th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA